IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JUDITH METCALF SCOTT | § | |
| VS. | § | CIVIL ACTION NO.   9:06-CV-232 |
| CRAIG CALDWELL, ET AL. | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Plaintiff Judith Metcalf Scott, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Craig Caldwell, Teresa Phifer, J. Fulton, James Campbell, the Texas Department of Public Safety, and David Childs.

Discussion

The Civil Rights Act, 42 U.S.C. § 1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972); *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, Section 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. However, under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Plaintiff complains of incidents that took place in Cherokee County, Texas.  This case was originally filed in the Second Judicial District Court in Cherokee County, Texas.  The defendants intended to remove the case to the Tyler Division of the Eastern District of Texas, but the case was inadvertently removed to the Lufkin Division.  The defendants now move to transfer venue to the Tyler Division.

The court has considered the circumstances and has determined that the interest of justice would best be served if the complaint were transferred to the division in which the claims arose.  It is accordingly  Therefore, the case should be transferred to the Tyler Division.  An order so providing will be entered by the undersigned.

**SIGNED** this __23__ day of _____September_____, 2007.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE